617 A.2d 660
IN THE MATTER OF KENNETH C. LUKE,
AN ATTORNEY AT LAW.

December 30, 1992.

ORDER

The Disciplinary Review Board having filed a report with the Court recommending that KENNETH C. LUKE of MORRISTOWN, who was admitted to the bar of this State in 1981, be disbarred under the rule of *In re Wilson*, 81 *N.J.* 451, 409 *A.*2d 1153 (1979), for the knowing misappropriation of clients' funds

by withholding a client's share of the proceeds of a settlement and invading those funds for his own purposes and by invading clients' escrow funds in a real-estate matter in violation of *In re Hollendonner*, 102 *N.J.* 21, 504 *A.*2d 1174 (1985); and

Respondent having candidly accepted the responsibility for his acts and raised as the only issue in the disciplinary proceedings below whether there should be a departure from the rule of permanent disbarment in cases of youthful offenders, to take account of opportunity to demonstrate "reform and rehabilitation" as in the case of one denied initial admission to the bar, see *In re Matthews*, 94 *N.J.* 59, 81, 462 *A.*2d 165 (1983);

And the Court having found in its independent review of the record clear and convincing evidence that respondent had knowingly misappropriated funds;

And the Court having determined, based on its independent review of the record, that respondent's discipline be governed by the rule of *In re Wilson, supra*, 81 *N.J.* 451, 409 *A.*2d 1153;

And good cause appearing;

It is ORDERED that KENNETH C. LUKE be disbarred and that his name be stricken from the role of attorneys of this State, effective immediately; and it is further

ORDERED that KENNETH C. LUKE be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by KENNETH C. LUKE pursuant to *Rule* 1:21–6, shall be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court who is directed to deposit the funds in the Superior Court Trust Fund, pending further Order of this Court; and it is further

ORDERED that KENNETH C. LUKE comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys; and it is further

ORDERED that KENNETH C. LUKE reimburse the Ethics Financial Committee for appropriate administrative costs.